The following constitutes
the order of the court. Signed December 29, 2011

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

```
In re DEBRA A. HART,            )
                                )
                                )    Case No. 11-42424 WJL
        Debtor.                 )    Chapter 7
                                )
                                )
                                )
_____)
                                )
GARY DREW and JANETTE DREW,     )
                                )    Adv. Proc. No. 11-4175
        Plaintiffs,             )
                                )
v.                              )
                                )
DEBRA A. HART, et al.,          )
                                )
        Defendants.             )
_____)
```

**MEMORANDUM OF DECISION AND ORDER GRANTING MOTION TO DISMISS**

**ADVERSARY PROCEEDING AS TO NON-DEBTOR DEFENDANTS**

On December 7, 2011, this matter came on for hearing on defendant Clyde Hart and defendant Lance Hart's motion to dismiss the adversary proceeding. Following the hearing, the Court took the matter under submission. For the following reasons, the Court is disinclined to adjudicate the Section 523 non-dischargeability action as to the non-debtor defendants and therefore grants the motion to dismiss without leave to amend.

The adversary proceeding was filed by Plaintiffs Gary and Janette Drew on June 4, 2011. The complaint names debtor Debra A. Hart, as well as non-debtors Clyde Hart and Lance Hart as defendants. Defendants Clyde and Lance Hart moved to dismiss on the ground that the Court does not have jurisdiction to enter a judgment against non-debtor defendants.

Defendant Lance Hart previously filed a Chapter 7 bankruptcy in 2009, and received a discharge in 2010. As Lance Hart is not a debtor in this case, the adversary proceeding against him must be dismissed. Any action against him would be properly brought under the auspices of his own case (Case No. 09-71053). If that case is re-opened and Plaintiffs proceed with an adversary proceeding therein, the Court will be willing to consider a motion to consolidate the cases at the appropriate time.

Pursuant to Sections 1334(b) and 157(c), subject matter jurisdiction in this Court is limited to proceedings "arising under title 11 or arising in or related to a case under title 11." Defendant Clyde Hart does not have a bankruptcy case pending before this Court, nor has he ever filed for bankruptcy. The non-dischargeability action against Clyde Hart cannot be said to arise under, arise in or relate to Debra Hart's bankruptcy case. It does not "arise under" Debra Hart's case because the U.S. Bankruptcy Code does not provide a basis for relief in an action by a non-debtor plaintiff against a non-debtor defendant. Nor does this matter "arise in" a case under Title 11 because it is not a matter that would have no existence outside of a bankruptcy case. As this defendant is a non-debtor, a cause of action on these facts would be more appropriately asserted in

another court.

Lastly, contrary to plaintiffs' assertions, this matter is not "related to" a case under Title 11. Plaintiffs' reliance on *Pacor v. Higgins* is misplaced. 743 F.2d 984, 994 (9th. Cir. 1984). *Pacor* held that an action is "related to" bankruptcy "if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." Even under this liberal standard, the action as to Clyde Hart must be dismissed. The Court notes that the Trustee in this case filed a Report of No Distribution on June 9, 2011, indicating that there are no assets in Debra Hart's estate to be administered for the benefit of her creditors. While this does not affect a creditor's right to liquidate a debt against the debtor, and pursue the collection of that debt if the Court determines the debt to be non-dischargeable, it makes it absolutely clear that a finding of liability against Clyde Hart simply would have no impact whatsoever on the bankruptcy estate of his wife, Debra Hart.

## CONCLUSION

Based on the foregoing, the motion to dismiss the adversary proceeding as to defendants Clyde Hart and Lance Hart is GRANTED.

\*\*END OF DOCUMENT\*\*

COURT SERVICE LIST