The following constitutes
the order of the court. Signed September 6, 2013

_____
**William J. Lafferty, III**
**U.S. Bankruptcy Judge**

1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | | |
|---|---|---|
| 12 In re | ) | Case No. 09-71053 |
| 13 Lance E. Hart, | ) | Adversary Nos. 12-4058; 11-4175 |
| | ) | Chapter 7 |
| 14                          Debtor. | ) | |

| | | |
|---|---|---|
| 15 Beverly Karaeff, | ) | |
| 16                          Plaintiff, | ) | |
| 17 v. | ) | |
| Lance E. Hart, | ) | |
| 18                          Defendant. | ) | |

| | | |
|---|---|---|
| 19 Gary and Janette Drew, | ) | |
| 20                          Plaintiffs, | ) | |
| 21 v. | ) | |
| Lance E. Hart, | ) | |
| 22                          Defendant. | ) | |

| | | |
|---|---|---|
| 23 In re | ) | Case No. 11-42424 |
| 24 Debra A. Hart, | ) | Adversary Nos. 11-4175; 11-4177 |
| | ) | Chapter 7 |
| 25                          Debtor. | ) | |

| | | |
|---|---|---|
| 27 Gary and Janette Drew, | ) | |
|                          Plaintiffs, | ) | |
| 28 v. | ) | |

| | | |
|---|---|---|
| 1 | Debra A. Hart, | ) |
| 2 | | ) |
| 3 | Defendant. | ) |
| | | |
| 4 | Beverly Karaeff, | ) |
| | Plaintiff, | ) |
| 5 | v. | ) |
| 6 | Debra A. Hart, | ) |
| | Defendant. | ) |
| 7 | | |

8

**MEMORANDUM OF DECISION REGARDING PLAINTIFFS' MOTION TO AMEND**
9      **COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15(b)(2)**

10      On August 8, 2013, during a hearing in open court and upon the closing of the Plaintiffs'

11 case-in-chief in the consolidated trial of the above-captioned adversary proceedings, Plaintiffs

12 moved to amend the two complaints to conform to proof under Federal Rule of Civil Procedure

13 15(b)(2).  Defendants objected to the amendment.  The Court indicated that it was inclined to

14 allow the amendment pursuant to well-settled rules that permit liberal amendments of pleadings

15 under most circumstances where necessary to reflect the case that was actually litigated.  The

16 Court's tentative ruling notwithstanding, the Court held the matter in abeyance so as to afford the

17 Defendants adequate time to review the amended complaints and the opportunity to file a written

18 objection.  On August 12, 2013, Defendants filed an opposition to the Plaintiffs' Motion to

19 Amend the Complaints.  On August 21, 2013, Plaintiffs filed a response to the Defendants'

20 opposition.  The Court took the matter under the submission, and now confirms its tentative

21 decision to allow the amendment.

22      Plaintiffs are proceeding under Rule 15(b)(2), "Amendments During and After Trial for

23 Issues Tried by Consent."  That Rule states "[w]hen an issue not raised by the pleadings is tried

24 by the parties' express or implied consent, it must be treated in all respects as if raised in the

25 pleadings."  Thus, even in the absence of an amended pleading to conform to evidence, the Court

26 is directed to consider any issue tried by consent.  Rule 15(b)(2) goes on to describe amendment

27 to conform to evidence.  Since this amendment is not even technically necessary, as the Court

28 must treat the issue tried by consent as if raised in the pleadings, it follows that amending to

conform to evidence is freely allowed. *See Stiles v. Gove*, 345 F.2d 991 (9th Cir. 1965)

(affirming the trial court's decision to grant leave to amend to conform to evidence). Defendants

argue that there was no notice of certain theories set forth in the amendments and therefore could

be no consent. The threshold question is whether the Defendants had notice of the theories

underlying the proposed amendments. If there was notice of those theories newly pleaded to

conform to proof, and the Court determines that the Defendants consented to their trial, the Court

should allow the amendments. The Court determines that the Defendants had ample notice of

the theories first pleaded in the amended complaints and that the Defendants consented to their

trial.

The amendments concern two areas. The first is a claim that "[w]hen Debra Hart and/or

Clyde Hart obtained the interest of Donn or Jeanne McKnight in GTP Properties, she became a

partner and was at all times a partner of Plaintiffs."[1] First Amended Complaint (Amended to

Conform to Proof), Adversary No. 11-04175, at 19 (of similar substance to the language on page

15 of the amended complaint in Adversary No. 11-04177). Defendants do not address this

particular amendment in their opposition. The Court therefore determines that Defendants

consent to this amendment through their non-opposition and will allow the amendment under

Rule 15(b)(2). The other substantive area of amendment is the pleading of an imputation of

fraud claim under the analysis set forth in *In re Tsurukawa,* 287 B.R. 515 (9th Cir. B.A.P.

2002).[2] Plaintiffs' amendments directly track *Tsurukawa*'s language, describing partnership

---

[1] It is the Court's understanding that the language referencing husband and wife in the alternative is intended to reflect the principles of community property under California Law.

[2] Examining California case law, *Tsurukawa* instructed, "[w]hether or not parties have entered into a partnership relationship…is a question of fact and depends on whether they intended to share in the profits, losses and the management and control of the enterprise." *Id.* at 521. In this way, partnerships can arise as a matter of fact, even without a formal partnership agreement. Once a *de facto* partnership has been established, *Tsurukawa* notes, "[a]ll partners are jointly and severally liable for any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of the copartners." *Id.* (internal citations omitted).

1   "inferred through [defendants'] acts and intentions to share in profits, losses, management and

2   control of the de facto enterprise and their co-ownership of the entities which controlled or

3   owned the properties." The Defendants' opposition focuses on this area of amendment.

4        The agency principles set forth in *Tsurukawa* have been established doctrine in the Ninth

5   Circuit for over ten years – the pleading of such theories should not surprise Defendants on a

6   broad doctrinal level.  More particularly, the holding of and rationale for the decision in

7   *Tsurukawa* were discussed at length during the litigation of these adversary proceedings, prior to

8   the trial.  The Court first mentioned the *Tsurukawa* case during the summary judgment hearing

9   held on March 7, 2013.  Defendants themselves cited and analyzed *Tsurukawa* in their trial brief

10  filed on March 25, 2013.  Adversary No. 11-04175, Docket No. 111, at 9-10.  During the first

11  day of the trial, on April 1, 2013, the Court again raised *Tsurukawa* in a question to Defendants'

12  counsel.  Transcript of Trial Proceedings for April 1, 2013, at 33, ln. 14-15.  The Court recalls

13  that *Tsurukawa* was further discussed during the trial hearings held in August of 2013, though

14  these transcripts are currently in process and are not presently available for citation.

15       It therefore follows that the Defendants were on notice of the theory.  Consent to its trial

16  was clearly given, especially through the Defendants' analysis of *Tsurukawa* in their trial brief.

17  With consent found, the Plaintiffs may amend to plead imputation of fraud theories under Rule

18  15(b)(2) without further inquiry.

19       Defendants further argue that Federal Rule of Civil Procedure 16(b) can operate to bar

20  amendment after a scheduling order is issued by the Court.  Defendants cite Ninth Circuit

21  authority for this proposition, *Coleman v. Quaker Oats*, 232 F.3d 1271 (9th Cir. 2000).  This

22  decision is entirely inapposite to the situation at hand.  In *Coleman*, the relevant scheduling order

23  included a deadline for amendments.  In this case, the scheduling order was silent on

24  amendments.  As this Court's scheduling order does not preclude amendments, proceeding under

25  Rule 15(b)(2) is entirely appropriate.

26       Finally, though it has little bearing on the Court's finding well-taken amendment under

27  Rule 15(b)(2), Defendants' opposition footnote number two must be addressed.  It reads, in

28  relevant part, "[t]he Court...did not allow testimony by the daughter or Ms. Moss who could have

1  testified how the books were kept and organized by the corporation and that there was no

2  partnership agreement implied or express between Lance Hart or Debra Hart or Clyde Hart."

3       When the Defendants attempted to call two rebuttal witnesses, Shelly Hart and Debbie

4  Moss respectively, Plaintiffs objected to each witness' testimony on grounds that neither had

5  filed a declaration as required under the Court's scheduling order, which would give Plaintiffs'

6  counsel the opportunity to respond to the testimony and to prepare cross-examination.  Plaintiffs

7  further objected that irrelevant and potentially prejudicial testimony would arise out of either

8  proposed witness' testimony.  The Court heard oral argument regarding the issue and briefly

9  recessed on two occasions, first after Ms. Hart was offered and later after Ms. Moss was offered.

10  Upon returning to the bench after each recess, Defendants' counsel informed the Court that he

11  was voluntarily withdrawing his offering of each witness.  The Court did not rule on Plaintiffs'

12  objections to either proposed witness' testimony.  As reflected by the record, the Court certainly

13  did not bar any witness from testifying.

14       Based on the foregoing, and good cause appearing therefor, the Court hereby GRANTS

15  the Plaintiffs' motion to amend the complaints to conform to evidence under Rule 15(b)(2).

16                            **\*\*END OF ORDER\*\***

17

18

19

20

21

22

23

24

25

26

27

28

1

2                              **<u>Court Service List</u>**

3    Steven J. Hassing
     Law Offices of Steven J. Hassing
4    425 Calabria Court
     Roseville, CA 95747
5
     Baron J. Drexel
6    Law Offices of Baron J. Drexel
     212 9th St. #401 Penthouse
7    Oakland, CA 94607

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28